**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1453
_____

MOHAMED HIFLAN AHAMED HASSAN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-592-706)
Immigration Judge: Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2013

Before: FUENTES, HARDIMAN AND VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 25, 2013)
_____

OPINION
_____

PER CURIAM

Mohamed Hassan petitions for review of Board of Immigration Appeals (BIA)

orders denying his applications for relief from removal. We will grant the petition.

Because our decision today is narrow and procedural, we will not discuss the facts

of the case at length. Hassan, a Tamil-speaking citizen of Sri Lanka, alleges

mistreatment in his home country based on his perceived connections to the Liberation

Tigers of Tamil Eelam (LTTE). An Immigration Judge (IJ) denied Hassan's applications

for relief from removal. The BIA affirmed the IJ's decision in part. It agreed that Hassan

had failed to meet the one-year asylum filing deadline, and was thereby "ineligible for

asylum." With regard to his withholding of removal and Convention Against Torture

claims, however, the BIA found "insufficient indication that [Hassan] was put on notice

of the need for" evidence that corroborated his story. Thus, the BIA "remanded [the

case] to ensure compliance with applicable precedent decisions" of this Court.[1]

Administrative Record (A.R.) 97–98.

The case resumed before the IJ on July 9, 2009. Hassan's counsel asked for "an

opportunity . . . to obtain additional documents to further corroborate the claim." A.R.

48. The IJ agreed, on one condition: "No material will be accepted from either side

*within 10 days* of the hearing." A.R. 49 (emphasis added). The next hearing date was

scheduled for April 13, 2010, about nine months later. The record reflects that the new

evidence Hassan managed to obtain—consisting of a psychiatric evaluation and a

medical certificate from Sri Lanka—was not received by the immigration court until

April 5. At the April 13 hearing, the IJ excluded the evidence because Hassan had not

submitted it by the specified deadline, and issued a short opinion explaining his decision

to enforce the ten-day rule while also incorporating his previous merits ruling by

---

[1] See Sandie v. Att'y Gen., 562 F.3d 246, 252–53 (3d Cir. 2009) (explaining the corroboration inquiry and emphasizing that notice is required).

reference.  A.R. 42–43, 56.

Hassan again appealed.  The BIA affirmed, agreeing with the IJ's decision to exclude the contested evidence and with the denial of withholding and Convention Against Torture relief.  Hassan petitions for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a).  We primarily review the BIA's decision, although we may review the IJ's determination to the extent that the BIA relied upon it.  See Oliva-Ramos v. Att'y Gen., 694 F.3d 259, 270 (3d Cir. 2012).

Hassan argues, in part, that the IJ's enforcement of the ten-day restriction on evidentiary submissions violated his right to Due Process.  "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."  Chong v. INS, 264 F.3d 378, 386 (3d Cir. 2001) (quotation marks omitted).  As a Due Process claim, Hassan's argument  is without merit.  He had *more than nine months* to submit new evidence, and was not prevented from requesting an extension of time or otherwise alerting the IJ to difficulties in obtaining documents.  Thus, it was not a constitutional violation to exclude the evidence.

Hassan's argument, however, implicates a potential abuse of discretion.  An IJ is authorized to set time limits for filing documents and may waive the opportunity to file if the deadline is not met.  8 C.F.R. § 1003.31(c); see also Dedji v. Mukasey, 525 F.3d 187, 191 (2d Cir. 2008) (reviewing application of 8 C.F.R. § 1003.31(c) for abuse of discretion).  As the Government points out, the IJ's deadline was actually more generous

than the standard deadline, contained in the Immigration Court Practice Manual,[2] which usually requires that documents be submitted at least fifteen days before a master calendar hearing. See U.S. Dep't of Justice, Immigration Court Practice Manual § 3.1(b)(i)(a), available at http://www.justice.gov/eoir/vll/OCIJPracManual/Chap%203.pdf. But the same Practice Manual also echoes the Federal Rules in an important aspect: deadlines, including those "prior to hearings," that fall on weekends are "construed to fall on the next business day." Id. § 3.1(c)(ii)(B). April 13, 2010, the date of the hearing, was a Tuesday; April 3, ten days before, was a Saturday. Thus, Hassan's new evidence, which arrived at the immigration court the following Monday, April 5, would appear to have been timely under the Practice Manual. Arguably, then, the IJ abused its discretion by excluding new evidence.[3]

Because the BIA did not address this issue, we will remand for it to do so in the first instance. We will not reach the merits of Hassan's petition at this time.

---

[2] The Manual, which was first released in February 2008, went into effect on July 1, 2008. See David L. Neal, Chief Immigration Judge, Operating Policies and Procedures Memorandum 08-03 (Amended): Application of the Immigration Court Practice Manual to Pending Cases 1–2 (June 20, 2008), *available at* http://www.justice.gov/eoir/vll/OCIJPracManual/08-03.pdf.

[3] We cannot conclusively say that this error, assuming one existed, was harmless. See Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) (applying harmless-error review in immigration cases).